CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00818 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SGT. NEELEY, ET AL.**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Destined George, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials deprived him of outside recreation when they refused to allow him to wear "thermal clothes" for this activity. Compl. 2, ECF No. 1. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

George names the following VDOC officials as defendants to his § 1983 claims: "Sgt. Neely, Lt. Williams, Lt. Fleming, Unit Manager Collins, Sgt. Taylor, Major Hall, [and] Warden R. White." *Id.* at 1. As to each of these defendants, George alleges that the defendants "commit[t]ed cruel and unusual punishment by denying [him] the right to wear [his] thermal clothes to recreation during winter on a recurring basis," an action which also allegedly denied him recreation itself. *Id.*

at 1–3.  In addition, he alleges that the supervisory defendants violated his rights by "allowing and assisting inferior officers in denying [his] right to wear thermal clothes to recreation during winter."  *Id.* at 3–4.  Finally, George asserts that each of the defendants violated his right under state law to outside recreation.  As relief, he seeks monetary damages and a preliminary injunction.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  The Eighth Amendment protects prisoners from cruel and unusual living conditions.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  However, "[T]he Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society."  *Id.* at 347–49.  It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted).  The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions.  *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

George's allegations describe nothing more than an uncomfortable and occasional situation — participation in outside recreation in winter without his

thermal clothing. George does not state facts showing that the conditions caused him any serious physical or emotional injury. At the most, he alleges that when offered outside recreation on winter days without thermal clothing, he chose to forego the activity on that occasion. He does not state facts about the conditions he faced during recreation without thermal clothing or show that those conditions would have caused him anything more than temporary discomfort. I cannot find that George's factual allegations support any viable claim that the defendants' alleged actions deprived him of any necessity of life or caused him any harm so as to constitute cruel and unusual punishment under the Eighth Amendment.

For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: May 9, 2024

/s/  JAMES P. JONES
Senior United States District Judge